### Joseph Raymond *vs.* Joel Morse.

A testator gave and bequeathed to his wife " one full third of my estate, both real and personal, for her use and improvement, agreeably to the law in that case made and provided," and " the remainder" of his estate to his children, they to receive their respective shares on arriving at the age of twenty one. *Held*, that the wife took an estate for life only, in the real estate.

Action of tort for trespassing upon land in Hubbardston, formerly owned by John Browning. The parties submitted the case to the judgment of the court upon the following facts :

The will of John Browning, who died in 1809, contained the following clauses : " I give and bequeath unto my beloved wife, Clara Browning, one full third of my estate, both real and personal, for her use and improvement agreeably to the law in that case made and provided." " The remainder of my estate I give and bequeath unto my children, to be divided among them all," [in certain specified proportions,] " and further it is my will that my children shall receive their respective portions when they arrive at the age of twenty one years." The premises were set off in 1814, by commissioners duly appointed by the judge of probate, to the widow, who, claiming to hold the same in fee, in 1838 conveyed them by warranty deed to Moses Phelps, under whom the plaintiff claims. The widow died in 1852. The defendant is the husband of one of the daughters of John Browning, and made the entry upon the premises, which is the trespass

Raymond *v.* Morse.

complained of, for the purpose of asserting his wife's right to a share therein.

*C. Allen,* for the plaintiff. The words " one full third of my estate," pass a fee, unless clearly limited by other words. *Tracy* v. *Kilborn,* 3 Cush. 557. *Godfrey* v. *Humphrey,* 18 Pick. 537. *Kellogg* v. *Blair,* 6 Met. 322. 1 Roberts on Wills, 465. 2 Jarman on Wills, (Amer. ed.) 181, *&* *note.* Rev. Sts. *c.* 62, § 4. The words " for her use and improvement," do not indicate such a limitation, but correspond to the words " use and benefit " in *Tracy* v. *Kilborn,* 3 Cush. 557. In *Fay* v. *Fay,* 1 Cush. 93, the testator gave only " the use and improvement," and not the estate itself. Nor can the words " agreeably to the law in that case made and provided " have any effect; for there is no particular statute or law making such provision for the widow of a testator; and in the case of an intestate estate, the law gives the widow a life estate in one third of the real property, and the absolute disposal of one third of the personal; while this will puts both in the same category. The terms of the residuary devise to the children show that the testator contemplated but one distribution, and that a final one, between his children, upon their arrival at twenty one; and not that they should receive a further share upon the death of their mother, then a young woman, and who in fact survived her husband forty three years.

*P. C. Bacon,* for the defendant.

METCALF, J. If John Browning had died intestate, " the law in that case made and provided" would have given his widow one third of his real estate for life, (dower,) and one third of his personal property absolutely. And the terms of his will leave us in no doubt that he meant to give her the same, and no more. *Judgment for the defendant.*